*1248 OPINION.
Milliken:
Petitioner was instructed by his employers, Ault & Wiborg Co., to promptly pay all drafts upon presentment. Under this direction the funds of the latter became immediately available and were applied to the extent necessary to pay the drafts at the time presented for payment. Petitioner had lived in South America for years, and had never experienced so violent a fluctuation in the rate of exchange, and believing that the same would soon be normal, assumed the payment of the drafts to the bank. The funds of Ault & Wiborg Co. were passed to him, corresponding to the then prevailing rate of exchange. He believed he would be required eventually to pay to the bank fewer pesos than was necessary to then pay the drafts and he believed he stood to make a gain represented by the difference between the funds of Ault & Wiborg passed to him and the sum he would be required to pay when the rate of exchange became normal. When he undertook to and did assume payments of the drafts, he entered into a transaction for profit. His expectations were not realized and instead of making a profit, he sustained a loss. This loss is deductible under section 214(a) (4) of the Revenue Acts of 1918 and 1921.
*1249 Petitioner is an American citizen and as such must pay an income tax on his earnings, regardless of the place of his residence or the fact that his entire income was earned in Buenos Aires. His standard for measuring the amount of his annual income was the American dollar. Paper pesos were nothing more than a commodity, which, for tax purposes, must be translated into American dollars. ' During his stay in Buenos Aires, he had accumulated 500,000 paper pesos which when earned bore the normal rate of exchange. It was in effect the same as if he had lived in Cincinnati during the entire time of his residence in Buenos Aires, and had purchased, with his capital, paper pesos at the normal rate of exchange, and in the year 1921, he sold the paper pesos, converting the same into his standard, i. e., American dollars. Petitioner, in effect, did this when he converted sufficient paper pesos to buy a draft for $5,000 and the difference between the rate at which he secured the paper pesos and the rate at which he disposed of the paper pesos constitutes a deductible loss sustained in the year 1921.
Reviewed by the Board.
Judgment will he entered on 15 days' notice, v/nder Rule 50.